**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| ANTHONY FRED MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:15-cv-04947-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| SUSAN DUFFY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant Susan Duffy's ("Duffy") motion for summary judgment, ECF No. 129. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

This case involves claims that Duffy, a captain at the Perry Correctional Institution ("PCI"), retaliated against plaintiff Anthony Fred Martin ("Martin"), an inmate at PCI, by placing Martin in administrative segregation for 110 days after he accused another corrections officer of sexual assault. On September 11, 2014, Martin submitted a "Request to Staff Member" stating that earlier that day, a male corrections officer, Sergeant B. Rogers ("Rogers"), "committed an act of battery by rubbing and touching on [his] buttocks and penis area lingeringly and excessively" while Martin was exiting the cafeteria. ECF No. 134-1. Martin requested that Rogers be "reassigned to another part of the institution" where he would be barred from all contact with inmates. Id. Martin's allegations were referred to David Hagan, the chief investigator with the Department of Investigations.

The next day, Duffy met with Martin to question him about his allegations against Rogers.  Duffy ultimately made the decision to place Martin in administrative segregation.  This entailed putting Martin in a "lockup compound" in a "separate area" from the main buildings at PCI.  ECF No. 134-2, Duffy Dep. at 89:15–23.  As part of the placement process, Duffy provided Martin with a "Notice of Placement in PHD" form, which indicated that the reason for the placement was to "[m]aintain the integrity of the investigation."  ECF No. 134-5.  Martin signed the notice on the same day, September 12, 2014.

Martin allegedly did not learn of any updates to his investigation for approximately two months.  On November 18, 2014, Martin completed another "Request to Staff Member" form in which he complained that despite the ongoing investigation, no one since Duffy had questioned him about Rogers's misconduct.  Martin further claimed that his placement was a "reprisal[]" for his grievance against Rogers and violated the South Carolina Department of Corrections' policies and procedures.  Id.  On December 19, 2014, a PCI staff member responded on the form, telling Martin "You are no longer under investigation and are currently on the yard list."  Id.  Martin refused to return to the yard and requested a transfer.  PCI charged him with an offense for failing to obey orders and subsequently found Martin guilty of the charge.

On December 14, 2015, Martin, proceeding pro se, filed the instant action against Duffy, alleging violations of his equal protection and due process rights pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Martin's complaint was referred to Magistrate Judge Thomas E. Rogers, III for review in accordance with 28 U.S.C. § 1915A.  Based on the recommendation of the magistrate judge, the court dismissed the complaint for failure to

state a cognizable claim.  ECF No. 13 (adopting ECF No. 9).  Martin appealed, and on

June 1, 2017, the United States Court of Appeals for the Fourth Circuit affirmed in part

and reversed in part the court's decision.  ECF No. 22; Martin v. Duffy, 858 F.3d 239,

243 (4th Cir. 2017), cert. denied, 138 S. Ct. 738 (2018) (the "2017 Opinion").  The

Fourth Circuit agreed that Martin failed to state claims for violations of his equal

protection and due process rights but held that Martin had stated a cognizable claim for

retaliation under the First Amendment.

On remand, Martin filed an amended complaint on October 2, 2017.  ECF No. 35.

The amended complaint clarified that Martin was alleging a First Amendment retaliation

claim.  Id.  On February 14, 2018, Martin filed a second amended complaint.  ECF No.

68, 2d Amend. Compl.  The second amended complaint, now the operative complaint,

withdraws Martin's prior allegations relating to lost good-time credits and requests "a

general term not to exceed $2.5 trillion dollars against the defendant in her individual

capacity without any restrictions on access."[1]  Id. at 7.  Martin and Duffy filed cross

motions for summary judgment,[2] ECF Nos. 54, 59, and on August 6, 2018, the court

adopted the magistrate judge's report and recommendation and granted summary

judgment in Duffy's favor, ECF No. 78 (adopting ECF No. 74).  The court later denied

Martin's motion to amend and motion for reconsideration.  ECF Nos. 82, 95.  Martin

appealed the grant of summary judgment, ECF No. 84, and on October 13, 2020, the

---

[1] As the court observed at the hearing: suffice to say, Martin's complaint does not leave any money on the table.

[2] Both parties filed their motions for summary judgment before Martin filed his second amended complaint, but they agreed to treat the second amended complaint as the operative complaint for purposes of summary judgment.  ECF No. 99 at 4 n.1.

Fourth Circuit reversed the court's decision and remanded the case for further proceedings, ECF No. 99; Martin v. Duffy, 977 F.3d 294 (4th Cir. 2020).[3]

Martin is now proceeding with trial counsel. Following the Fourth Circuit's remand order, the parties engaged in and completed discovery. On July 25, 2022, Duffy filed a new motion for summary judgment. ECF No. 129. Martin responded to the motion on August 22, 2022, ECF No. 134, and Duffy replied on August 29, 2022, ECF No. 136. The court held a hearing on the motion on October 27, 2022. ECF No. 139. As such, the motion has been fully briefed and is now ripe for review.

## II.  STANDARD

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

---

[3] This court, adopting the magistrate judge's report and recommendation, applied Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977), to evaluate Martin's claim. Mt. Healthy established a burden-shifting framework known as the "same-decision test" to evaluate causation in First Amendment retaliation claims. Mt. Healthy, 429 U.S. at 283. Under the same-decision test, a defendant may rebut a prima facie case of retaliation by proving that she would have taken the same adverse action against the plaintiff in the absence of his protected speech or activity. Id. On appeal, the Fourth Circuit determined that the issue of whether Mt. Healthy's same-decision test applied to prisoners' retaliation claims was a matter of first impression in the Fourth Circuit. Martin, 977 F.3d at 299–300. The Fourth Circuit ultimately agreed that Mt. Healthy provides the appropriate framework for the case but held that the court improperly resolved genuine disputes of material fact in Duffy's favor. Id. at 297.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

## III.  DISCUSSION

In the motion for summary judgment currently before the court, Duffy does "not move on any liability issues," ECF No. 136 at 1, and she does not litigate any portion of her prior motion for summary judgment. Instead, Duffy contends that based on the combined effect of the Fourth Circuit's prior decision and Martin's complaint, as pled, Martin is not entitled to compensatory damages or punitive damages, and summary judgment is thus warranted. In response, Martin argues that there is a genuine issue of material fact as to whether he is entitled to both compensatory and punitive damages. Duffy conceded at the hearing that at minimum, Martin pleads and is entitled to pursue nominal damages; consequently, the court finds that summary judgment would be improper for this reason alone. Additionally, the court finds that Martin may pursue both compensatory and punitive damages, as discussed below.

### A.  Compensatory Damages

Martin's prayer for relief requests: "That I be granted a general term not to exceed $2.5 trillion dollars against the defendant in her individual capacity without any

restrictions on access." 2d Amend. Compl. at 7. Duffy argues that this is a request for compensatory damages and, based on Martin's response to an interrogatory seeking an explanation of damages, is based on "compensatory damages for the 110 days he was kept in segregation, along with mental and emotional distress damages resulting from Defendant's violation of Plaintiff's constitutional rights." ECF No. 129-1 at 5 (quoting ECF No. 129-3 at 4). But according to Duffy, such compensatory damages are barred for two reasons. First, Duffy argues that the Prison Litigation Reform Act (the "PLRA") bars claims for mental and emotion damages where the plaintiff cannot show a prior physical injury. Second, Duffy argues that the law of the case as established by the Fourth Circuit's 2017 Opinion bars Martin from asserting any non-mental or non-emotional damages. The court considers each argument in turn.

### 1. PLRA

Duffy argues that the PLRA bars claims for mental and emotion damages when the plaintiff cannot show a prior physical injury. Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Martin admitted in his deposition that "there were no physical injuries at all." ECF No. 129-2, Martin Dep. at 87:14.

There is no dispute that Martin is solely alleging a First Amendment retaliation claim. According to Duffy, the majority of circuits hold that § 1997e(e) is applicable to First Amendment claims. ECF No. 129-1 at 6–7 (citing Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000); Geiger v. Jowers, 404 F.3d 371, 374–75 (5th Cir. 2005)). In

response, Martin acknowledges that some circuits have interpreted § 1997e(e) as barring prisoner-plaintiffs from asserting First Amendment claims for compensatory damages absent a showing of physical injury. But Martin argues that the Fourth Circuit directly rejected this line of cases in Wilcox v. Brown, 877 F.3d 161 (4th Cir. 2017). In reply, Duffy maintains that Wilcox is consistent with his position.

The plaintiff in Wilcox was an inmate of the State of North Carolina who alleged that the prison's discontinuation of Rastafarian worship services violated the First Amendment's Free Exercise Clause. Wilcox, 877 F.3d at 166. As relevant to the instant case, the defendants argued that because the plaintiff only requested compensatory damages—not nominal or punitive damages—and because he suffered no physical injuries, he was not entitled to any damages under 42 U.S.C. § 1997e(e). Id. at 169. The Fourth Circuit disagreed, first noting that the plaintiff had pleaded nominal damages. Additionally, the Fourth Circuit found that "to the extent that § 1997e(e) would prevent [the plaintiff] from recovering compensatory damages 'for mental or emotional injury,' it would not preclude him from recovering compensatory damages for non-mental and non-emotional injury." Id. The Fourth Circuit further explained:

> While several circuits 'conclude that First Amendment claims that do not allege physical injury necessarily allege compensable injury only in the form of mental or emotional harms,' others recognize that 'deprivations of First Amendment rights entitle a plaintiff to judicial relief wholly aside from' any physical, mental, or emotional injury. King v. Zamiara, 788 F.3d 207, 212 (6th Cir. 2015) (collecting cases) (alterations and internal quotation marks omitted). Although we have not addressed the issue in the context of § 1997e(e), our precedent places us squarely in the latter camp, so that § 1997e(e) does not foreclose the possibility that [the plaintiff] may prove entitlement to compensatory damages.

Id. at 169–70. Stated another way, the court in Wilcox held that "a prisoner plaintiff who experiences no physical injury may nonetheless be entitled to compensatory damages for

the 'injury to [his] protected first amendment interest.'"  Proctor v. Edwards, 2020 WL

6834204, at *5 (W.D. Va. Nov. 4, 2020) (quoting Wilcox, 877 F.3d at 169–70).

The parties generally agree on the core holding of Wilcox.  Both Martin and

Duffy agree that in the Fourth Circuit, compensatory damages for First Amendment

violations are not directly barred under the PLRA even where the plaintiff does not show

a physical injury.  However, Duffy adds that under Wilcox, compensatory damages are

barred to the extent a plaintiff seeks to recover mental or emotional damages.  In

response, Martin argues that the Fourth Circuit did not directly weigh in on the issue in

Wilcox because the court merely assumed that the PLRA applied and barred mental or

emotional damages.  See Wilcox, 877 F.3d at 169–70 ("[T]o the extent that § 1997e(e)

would prevent [the plaintiff] from recovering compensatory damages 'for mental or

emotional injury' . . . .").  Martin argues that the court should instead look to the Sixth

Circuit opinion in King v. Zamiara, cited favorably by the Fourth Circuit, which

purportedly held that a prisoner-plaintiff is entitled to compensatory damages based on

injuries resulting from the conditions of his retaliatory confinement.  See King, 788 F.3d

at 212.

The court does not read King the same way.  There, the Sixth Circuit specifically

held that the plaintiff could recovery compensatory damages for "a constitutional injury

distinct from any mental or emotional injury he might have suffered."  Id. at 213.

Certainly, compensatory damages for constitutional injuries "cannot be easily

quantified," but contrary to Martin's suggestion, the King trial court's award of five

dollars for each day that the plaintiff spent in the more restrictive facility was not

influenced by evidence of mental or emotional harm.  See id. at 215 (explaining that the

trial court's damages were based on "the negative impact on [the plaintiff's] ability to obtain affidavits or declarations concerning prisoner property violations"). By rule, as held by the majority of circuit courts, the PLRA continues to bar compensatory damages for mental or emotional damages.

Here, Martin's response to Duffy's Interrogatory No. 4 states that Martin seeks "mental and emotional distress damages resulting from Defendant's violation of Plaintiff's constitutional rights." ECF No. 129-3 at 4. The court finds that Martin is barred from pursuing those damages at trial. However, based on Wilcox, Martin is entitled to compensatory damages for an "injury to [his] protected first amendment interest[, which] can itself constitute compensable injury wholly apart from any emotional distress, humiliation and personal indignity, emotional pain, embarrassment, fear, anxiety and anguish suffered by plaintiffs." Wilcox, 877 F.3d at 170 (emphasis in original). The court expresses no opinion on whether Martin will ultimately be able to prove a constitutional injury and reserves that issue for trial.

### 2. Law of the Case

While Duffy acknowledges that the PLRA does not provide an absolute bar for compensatory damages, she argues that Wilcox does not save Martin in this case based on the law-of-the-case doctrine. The court disagrees.

On appeal, the Fourth Circuit held that Martin failed to allege sufficient facts to state a plausible due process claim based on his failure to show that his confinement conditions "were atypical and significantly harsh compared to [those of] the general population," and Martin did not amend his complaint to reassert a due process claim. Martin, 858 F.3d at 253 (quoting Incumaa v. Stirling, 791 F.3d 517, 528–29 (4th Cir.

2015)) (alterations in original).  Duffy argues that "[t]he damages that the Plaintiff seeks 'for the 110 days he was kept in segregation' are not recoverable on the very same basis that his due process claim was dismissed."  ECF No. 129-1 at 6.

Although Duffy claims that the law of the case undergirds her argument, Duffy is more likely referring to the mandate rule.  The "'mandate rule' is a more powerful version of the law-of-the-case doctrine and is based on 'the principle that an inferior tribunal is bound to honor the mandate of a superior court within a single judicial system.'"  Invention Submission Corp. v. Dudas, 413 F.3d 411, 414 (4th Cir. 2005) (quoting 18B Charles Alan Wright, Arthur B. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4478.3 (2d ed. 2002)).  Under this rule, "a lower court generally may not consider questions that the mandate has laid to rest."  Id. at 415.  In any event, Duffy's argument fails because the Fourth Circuit's 2017 Opinion did not preclude non-emotional compensatory damages—or any compensatory damages at all.  Certainly, the Fourth Circuit dismissed Martin's due process claim, which was based on the allegedly deficient conditions of his confinement.  But as Wilcox establishes, Martin's First Amendment retaliation claim may independently give rise to compensatory damages.

Duffy directs the court to Martin's response to Interrogatory No. 4, wherein Martin claims "compensatory damages for the 110 days he was kept in segregation."  ECF No. 129-3 at 4.  But Martin did not state that compensatory damages were being sought for a due process violation or that they were being sought to compensate for the harsh conditions of the alleged 110 day-period.  Rather, the statement can be fairly read as referring to compensation for the retaliation itself given that the second amended complaint alleges that Martin was placed in administrative segregation as a result of his

10

complaint about Rogers.  Again, the court determined that the second part of Martin's

claimed damages—seeking "mental and emotional distress damages"—is barred under

Wilcox.  By the same token, however, Martin fairly states that he is seeking

compensatory damages arising out of a First Amendment retaliation claim.  Thus, the

issue of whether Martin is entitled to compensatory damages for the violation of his First

Amendment rights in this case is not one that was "expressly or implicitly decided by the

appellate court."  United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).  As such, neither

the law-of-the-case doctrine nor the mandate rule apply.

To summarize, the court denies summary judgment based on Duffy's argument

that Martin has failed to allege any actionable damages.  Without ruling on the merits, the

court further finds that Martin may be entitled to compensatory damages for the alleged

First Amendment violation, but not damages resulting from his mental or emotional

distress.

### B.  Punitive Damages

In Martin's response to Interrogatory No. 4, Martin further seeks "punitive

damages for Defendant's wanton and reckless disregard of Plaintiff's constitutional

rights, which under South Carolina law, may not exceed the greater of three times the

amount of compensatory damages awarded to Plaintiff at trial, or the sum of

$500,000.00."  ECF No. 129-3 at 4 (citing S.C. Code Ann. § 15-32-530).  Duffy claims

that there are two issues with Martin's claim for punitive damages.  First, Duffy contends

that Martin cannot recover punitive damages in the absence of an award of compensatory

damages.  But as the court noted before, Martin seeks nominal damages, which alone

would allow him to pursue punitive damages.  See McGee v. Bruce Hosp. Sys., 545

S.E.2d 286, 288 (S.C. 2001) ("The rule in South Carolina is that there must be an award of actual or nominal damages for a verdict of punitive damages to be supported.") (emphasis added).  Additionally, the court determined above that Martin is permitted to seek compensatory damages.  The court dismisses Duffy's first argument.

Second, Duffy argues that Martin did not include a claim for punitive damages in his prayer for relief.  Duffy argues that accordingly, Martin has waived punitive damages. Martin's second amended complaint contains two portions: a form portion and a handwritten portion.  Duffy focuses on the handwritten portion, but in response to a question in the form portion asking what issues Martin is "attempting to litigate in the above-captioned case," Martin stated, inter alia, "punitive damages."  2d Amend. Compl. at 2.  Martin plainly pleads punitive damages.

Moreover, even if the court were to consider Duffy's argument that Martin does not plead punitive damages in the handwritten portion of the complaint, Martin was proceeding pro se at the time he filed his second amended complaint.  Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970, 99 (1978).  A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Although Martin does not specifically plead punitive damages in his prayer for relief, he alleges that Duffy acted "with a callous and reckless disregard for the consequences," Amend. Compl. at 3; "deliberately violated the Agency['s] policy, id. at 4; and "acted with an evil intent," id.  In South Carolina, punitive damages "serve at least

12

three important purposes: (1) punishment of the defendant's reckless, willful, wanton, or malicious conduct; (2) deterrence of similar future conduct by the defendant or others; and (3) compensation for the reckless or willful invasion of the plaintiff's private rights." Austin v. Specialty Transp. Servs., Inc., 594 S.E.2d 867, 874–75 (S.C. Ct. App. 2004) (citing Clark v. Cantrell, 529 S.E.2d 528 (S.C. 2000)).  If Duffy was not on notice of punitive damages sought from the form portion of the complaint, then she certainly should have been aware that Martin, as a pro se litigant, was likely to assert punitive damages based on the language of the complaint.

Since Martin has sufficiently set forth the possibility that he will be entitled to nominal, compensatory, and punitive damages at trial, the court denies Duffy's motion.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion for summary judgment.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 3, 2022**
**Charleston, South Carolina**